UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KASI A. FOSS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | No. CV-07-091-CI<br><br>ORDER REMANDING CASE<br>TO THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Objections to the Report and Recommendation in the captioned matter. Plaintiff is represented by Maureen J. Rosette. Daphne Banay, Special Assistant U.S. Attorney, and Frank A. Wilson, Assistant U.S. Attorney, represent the Defendant.

The undersigned, having reviewed the file, the Report and Recommendation, the Objections and Response, concludes that claimant has met her burden of establishing step two's requirement of a "severe" impairment as to left arm pain and left ankle pain. Accordingly, the undersigned does not adopt the Report and Recommendation and concludes the ALJ's decision must be reversed. The captioned matter is remanded to the Commissioner with direction

ORDER REMANDING CASE TO THE COMMISSIONER - 1

to evaluate Plaintiff's severe impairments beyond step two.[1] Although Plaintiff may not succeed in proving she is disabled, as defined by the Social Security Act, the ALJ lacked substantial evidence to find no medically severe impairment.

Judgment shall be entered for Plaintiff. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.**

**DATED** this __5th__ day of February, 2008.

   s/ Fred Van Sickle
   Fred Van Sickle
   United States District Judge

---

[1] Step two is "de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); an ALJ may find that a claimant lacks medically severe impairments only when this conclusion is "clearly established by medical evidence." S.S.S.R. 85-28; see *Web v. Barnhart*, 443 F.3d 683, 686-87 (9th Cir. 2005).

ORDER REMANDING CASE TO THE COMMISSIONER - 2